### BERWIND–WHITE COAL MINING CO. v. FLANNERY TOWING LINE, Inc.

(Circuit Court of Appeals, Second Circuit. November 16, 1921.)

No. 14.

Collision ⬦⚊125—Evidence held to support a finding as to identity of tug which collided with barge while attempting to move it.

In a suit for damages to a barge, which was lying alongside a steamship at a pier, and which was struck by a steam tug attempting to move the barge to a point between the pier and the steamer, evidence held to

⬦⚊For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

warrant the trial judge's finding as to the identity of the tug which did the damage.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by the Berwind-White Coal Mining Company against the Flannery Towing Line, Incorporated. From a decree for libelant, respondent appeals. Affirmed.

Foley & Martin, of New York City (George V. A. McCloskey, of New York City, of counsel), for appellant.

Macklin, Brown, Purdy & Van Wyck, of New York City (Pierre M. Brown, of New York City, of counsel), for appellee.

Before ROGERS, MANTON, and MACK, Circuit Judges.

MANTON, Circuit Judge. On the 17th of January, 1918, the libelant's barge Eureka 105 was lying alongside the steamship Montevideo, on the north side of Pier 17, Brooklyn, and at about 10 o'clock in the morning of that day, a steam tug proceeded in the slip alongside the Eureka 105, intending to shift the barge around to a position between the steamship Montevideo and the pier. The Montevideo was lying at the pier with her bow to the bulkhead, bringing her starboard side to the dock. The steam tug moved the libelant's barge up toward the bow of the steamship and a line was placed on the port bitt amidships on the Eureka to the forward winch of the steamer, for the purpose of pulling the barge between the steamer and the dock; the steamer being breasted out from the dock in order to allow the barge room to pass between the steamer and the dock. While the barge was thus lying in this position, across the bow of the steamer, with the stern of the barge toward Pier 17, the steam tug struck the forward port corner of the Eureka damaging it. That the damage occurred through want of care on the part of the steam tug is not questioned on this appeal, nor, indeed, could it be successfully questioned. The identity of the steam tug, however, was the sole issue argued on this appeal.

We think the evidence as to the identity of the steam tug Annie E. Flannery, owned by the appellant, is sufficiently established by competent proof to have warranted the District Judge reaching the conclusion which he did. The captain of the libelant's scow testified that it was a tug of the Flannery Towing Line that did the damage. He had some uncertainty as to the name on the tug. He testified:

"Q. At about 10 o'clock on the morning of January 17th did you see the tug Annie E. Flannery? A. Yes, sir; I recall a tug. I know it was a Flannery tug, but didn't know her first name.

"Q. Did that Flannery tug come and shift you? A. Yes, sir.

"Q. When she shifted you, did you notice her name? A. I know it was a Flannery boat, but didn't know before this happened. I went—

"Q. She was a Flannery boat? A. Yes, sir.

"Q. She came there to shift you that morning? A. Yes.

"Q. At some time after she shifted you, did you discover her name? A. I didn't see. I know it was a Flannery boat, and asked the man on the deck the first name. He said Annie Flannery—

"Mr. Darrow: I move to strike that out.

"Q. Never mind what the man on the deck said. This boat Flannery came and shifted the Eureka 105 at about 10 o'clock on the morning of the 17th of January? A. Yes, sir."

It is admitted by the president of the appellant company that the Annie E. Flannery was owned by it. The log of the tug Annie E. Flannery, produced by her captain, shows that the tug was at Piers 16 and 17 at about 10:15 a. m. on January 17, 1915, which is the time of the collision. It also appears that the Flannery Towing Line did the towing for the Spanish Line, which was the owner of the Montevideo. There were denials of having done this work by the president of the appellant company, and also by the captain of the Annie E. Flannery. We think that the question of fact thus presented to the District Judge, and found against the appellant, should not be disturbed.

Decree affirmed.